Slip Op. 01- 25

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

|  |  |  |
|---|---|---|
| | : | |
| LEVI STRAUSS & COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Before: MUSGRAVE, JUDGE** |
| | : | |
| UNITED STATES, | : | Court No. 93-11-00726 |
| | : | |
| Defendant. | : | |
| | : | |

## OPINION AND JUDGMENT

In *Marbury v. Madison*, Chief Justice Marshall stated that "[i]t is *emphatically* the province and duty of the judicial department to say what the law is", 5 U.S. (1 Cranch) 137, 177 (1803) (emphasis added), a position generally accepted by the bar and the judiciary for the past one hundred ninety-eight years. This proposition was significantly limited, if not partially overruled, by the Supreme Court's decision in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which was recently reaffirmed in *United States v. Haggar Apparel Co.*, 526 U.S. 380 (1999), holding that the law may be – and indeed is mandated to be – the interpretation by the agency administering the particular law or regulation.

In *Chevron*, the Supreme Court directed the judiciary to give deference to an agency's reading of its own regulation.

> "The power of an administrative agency to administer a congressionally created . . . program necessarily requires the formulation of policy and the making of rules to fill any gap left, *implicitly or explicitly*, by Congress." *Morton v. Ruiz*, 415 U.S. 199, 231 (1974). If Congress has explicitly left a gap for the agency to fill, there is

an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation.  Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.  Sometimes the legislative delegation to an agency on a particular question is *implicit* rather than explicit.  In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.

467 U.S. at 843-44 (footnotes omitted) (emphasis added).[1]  Thus an agency employee, who may have little or no background in the law, is now both the enforcer *and* interpreter of the law.

This result compromises the long established concept of judicial review.  Even in instances where the statute is silent or ambiguous and there has been no explicit legislative delegation from Congress to the agency, courts must still defer to the agency's interpretation.  *See Chevron*, 467 U.S. at 843-44, quoted *supra*.  At best, this mandate supplants the opinion a member of the federal judiciary, appointed by the President with the advice and consent of the Senate, with that of an executive branch employee; at worst, it amounts, in essence, to the delegation of the authority of the judicial branch to the executive branch.  Article III, Section 1 of the Constitution provides that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."  To the extent that judicial power entails the power to "say what the law is", *Chevron* and its progeny erode this clause.

While the complexion of American society has changed dramatically since 1787, it nonetheless boggles the rational thought process to imagine that the Framers could possibly have

---

[1]  The Federal Circuit Court of Appeals has further curtailed the authority of this Court in antidumping cases by holding that Commerce is entitled to "tremendous deference . . . in administering the antidumping law", *Melamine Chemicals, Inc. v. United States*, 732 F.2d 924, 930 (Fed. Cir. 1984) (Markey, C.J.) (quoting *Smith-Corona Group v. United States*, 713 F.2d 1568, 1582 (Fed. Cir. 1983)), and further that "the International Trade Administration is the 'master' of the antidumping laws", *Fujitsu General Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996) (quoting *Torrington Co. v. United States*, 68 F.3d 1347, 1351 (Fed. Cir. 1995)).

contemplated empowering vast agencies with authority to *interpret* the very laws which they administer. Citizens and corporate entities are now at the mercy of federal regulators, who are by nature and purpose often adversaries of those whom they regulate. To say that judicial review of administrative decisions is alive and well is to deny reality. In practice the opinions and orders of administrators and their subalterns are almost always final.

Irrespective of the foregoing, this Court is constrained to follow the precedent of the Supreme Court and the Court of Appeals for the Federal Circuit. In *Levi Strauss & Co. v. United States*, 21 CIT 677, 969 F. Supp. 75 (1997) this Court entered judgment for the plaintiff, holding that the merchandise at issue was properly classified under HTSUS 9802.00.80. *See* 21 CIT at 685, 969 F. Supp. at 82. That decision was affirmed by the Court of Appeals for the Federal Circuit. *See Levi Strauss & Co. v. United States*, 156 F.3d 1345, 1350-51 (Fed. Cir. 1998). Subsequently the Supreme Court vacated and remanded the Federal Circuit's decision. *See United States v. Levi Strauss & Co.*, 527 U.S. 1001 (2000). On remand, the Federal Circuit held that

> Customs' determination that the articles do not qualify for the partial exemption from duty allowed by HTSUS 9802.00.80 must be sustained. The Court of International Trade's judgment to the contrary is accordingly reversed, and we remand the case with instructions to enter judgment in favor of the United States.

*Levi Strauss & Co. v. United States*, 222 F.3d 1344, 1347 (Fed. Cir. 2000). Accordingly, it is hereby

**ORDERED** that the Court's prior entry of judgment in favor of Levi Strauss & Co. is withdrawn, and it is further

**ORDERED** that the United States Customs Service's determination that the apparel at issue does not qualify for the partial exception from duty allowed by HTSUS 9802.00.80 is sustained.

_____
R. KENTON MUSGRAVE, JUDGE

Date:    March 5, 2001
            New York, New York